In the Matter of Oscar S. Mann, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, November 7, 1974.

*John G. Bonomi* of counsel (*David A. Cobin* with him on the brief), for petitioner.

*Herbert Engel* (*Robert Hodes* with him on the brief), attorney for respondent.

*Per Curiam.* Petitioner moves to confirm the report of the Referee sustaining the charge of professional misconduct preferred against respondent, who was admitted to practice in the First Judicial Department on July 7, 1927.

Respondent concedes that on February 26, 1971, he pleaded guilty to the crime of willfully making a false declaration under the penalties of perjury on an income tax return. (U. S. Code, tit. 26, § 7206, subd. [1].) He was subsequently entenced to a prison term of one year and fined $5,000. Execution of the sentence was suspended and respondent placed on probation for a two-year period.

The gravamen of the charge was that respondent knowingly subscribed and filed an income tax return for the year ended 1956 in the name of his father which stated that the latter was living at a specified address, whereas, in fact, respondent's father died in June, 1956. As a result certain rental income was reported in respondent's father's return for said year instead of that of respondent.

Respondent attempted to attribute his unlawful act to his medical history and anxious mental state. While respondent has admittedly undergone several serious operations in recent years, no evidence of illness during the period in issue was adduced below. Respondent's reliance on *Matter of Anonymous No. 1* (45 A D 2d 88) and *Matter of Anonymous No. 2* (45 A D 2d 89) is misplaced since neither of those proceedings involved fraudulent conduct.

The Referee found respondent's guilt of professional misconduct established and his conclusion, supported by the record, is confirmed.

In mitigation, we have taken note of respondent's age (72), poor health, prior unblemished record and present limited practice; and of the fact that all taxes due were paid and no loss was suffered by the Government. Considering all of the circumstances of the case, we have determined that respondent should be suspended from practice for a period of one year and until the further order of this court.

MARKEWICH, J. P., KUPFERMAN, MURPHY, LUPIANO and TILZER, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of one year, effective December 9, 1974.